OPINION OF THE COURT
Stanley Parness, J.
Petitioner, Richard S. Studefin, a taxi driver licensed by respondent, New York City Taxi and Limousine Commission (TLC), seeks an order pursuant to CPLR article 78 declaring null and void respondent’s determination which found him guilty of violation of sections 203 (a) and 213 of the Taxi and Limousine Commission Rules and Regulations. Petitioner’s separate motion to restore this proceeding to the calendar from which it had been removed on consent is unopposed and is granted.
*924 Procedurally, petitioner was served with a summons on October 13, 1985 charging him with being rude to a passenger, with unjustifiably refusing to take a passenger to Brooklyn and in not displaying his taxicab driver’s license. On November 12, 1985, seeking discovery, petitioner served TLC with a "demand for statement” requesting that TLC provide "a copy of all statements of the complainant altogether [sic] with his or her name and address; whether they were passengers and the amount paid, describe in full the driver, his race, color, hair color, length style.”
In a letter dated November 19, 1985 counsel for TLC informed petitioner, appearing pro se, that "a respondent in an administrative proceeding is not entitled to the same scope of discovery available in a court proceeding” and enclosed a copy of the complainant’s complaint which was the basis for the summons issued, but redacted the complainant’s name and address.
At the outset of the hearing, the Hearing Officer addressed petitioner’s request for the name and address of the complainant repeatedly stating in a colloquy prior to the commencement of testimony that a civilian complainant in an administrative proceeding has an absolute right to remain anonymous. The colloquy proceeded as follows: Hearing Officer: "Mr. Studefin, the summons, I said, alleges numerous driver’s violations and this is a civil complaint, and as such, the civilian has the right to remain anonymous. So, at this point, do you wish to remain anonymous?” No response of the complainant to this question appears on the record from the ensuing colloquy. Petitioner took exception to this ruling in response to which the Hearing Officer stated: "Well, that is why I am saying everything, you know, quite frankly, there is an administrative * * * it is administratively all right for the complainant to remain anonymous.” Petitioner further sought to voice his objection, the Hearing Officer interjected: "Well as far as the point is concerned, the civilian has an absolute right to remain anonymous.” Petitioner responded: "This might be, I submit, a fictitious name complaint”. To which the Hearing Officer answered: "This is not a fictitious complaint whatsoever, nevertheless, the complainant has an absolute right to remain anonymous at the civilian complaint proceedings and, as far as I know, I am going to address the civilian complainant as 'Mr. Complainant’ up until the moment * * * up until the moment that I am requested to do otherwise * * * All right. Nevertheless, if you wish to appeal that form of my *925 decision you also have the right to appeal that point, but quite frankly, it is, as far as I know, is permitted and * * * the cases on that point.” After hearing testimony from the unidentified complainant and from the petitioner in defense, the Hearing Officer found he was not "off duty” and stated that the case turned on a question of credibility and found petitioner guilty of discourtesy to a passenger imposing a fine of $25 and guilty of failure to follow a reasonable request of a passenger, imposing an additional fine of $100. All other charges were dropped or merged into the findings made.
While the petition prepared by the pro se petitioner alleges that respondent conducted the hearing upon the summons issued "in excess of its jurisdiction” contravening CPLR 7803 (2), what is clearly intended from the issues raised and not disputed by respondent herein is a challenge to the actions of the administrative Hearing Officer as being arbitrary and capricious in the rulings made and in the conclusions drawn from the evidence presented and penalty imposed which is covered under CPLR 7803 (3). The petition will therefore be treated as if brought under this latter subdivision.
At the heart of the petition is the refusal of the administrative Hearing Officer to permit disclosure of the name and address of the civilian complainant in advance of the hearing as well as during the hearing, thereby restricting him from ascertaining anything about her identity and effectively preventing him from investigating her background for possible use in cross-examination or rebuttal.
Where credibility of the complainant, the only witness to testify in support of the complaint, is likely to be a crucial issue, the ability of the person charged, in advance of a trial, to seek relevant information concerning the complainant for this purpose could have a direct bearing on the outcome of the hearing. The Hearing Officer’s statement of the law concerning the absolute right to cloak a complainant with anonymity was not correct. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty’ or 'property’ interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment” (Mathews v Eldridge, 424 US 319, 332). The complaint herein, if sustained, could and, it is alleged, did affect his right to drive a taxicab in New York City and to earn a living thereby, clearly a personal property right to be protected. In withholding the identity of his accuser, he was effectively prevented from utilizing conventional methods of investigatory discovery *926 to inquire into her background so far as that would lead to information which might have affected her testimonial credibility.
While "due process is flexible and calls for such procedural protections as the particular situation demands” (Morrissey v Brewer, 408 US 471, 481), it is difficult to reason that petitioner could obtain access to that information without learning her identity. It was clearly necessary and appropriate to provide him with this information. His timely demand for pretrial discovery and his motion for same upon the record adequately provides basis for review herein of this issue.
There may, indeed, be situations where administrative procedures may appropriately provide less than full procedural safeguards to the individual. The Supreme Court in Mathews v Eldridge (supra) set forth three factors to test the constitutionality of such limitations in administrative proceedings. These are:
1. The private interest that will be affected by official action.
2. The risk of an erroneous deprivation of such interest through the procedures used. The probable value, if any, of additional or substitute procedural safeguards.
3. The government’s interest and the fiscal burdens that the additional or substitute procedural requirements would entail.
In this case, the private interest of petitioner in obtaining the witness’ identity is clearly apparent for the reasons expressed and falls squarely within the right to confrontation protected by the Sixth Amendment and the Due Process Clause. Where government deprives the person of the very means of access to relevant evidence, there must be a recognized justification shown to support such action. The Hearing Officer failed to articulate such justification. Indeed, his conclusory statements provide no support for his ruling. Neither does the record reveal such restriction was necessary to protect the witness. Even in criminal trials, where there may be greater need for protection of the identity of the witness, such restriction is sparingly imposed (e.g., identify of confidential informants will yield to disclosure on trial). " '[T]he need for a truthful verdict outweighs society’s need for the informer privilege’ ” (McCray v Illinois, 386 US 300, 307; see, 1 LaFave, Search and Seizure § 3.3 [g] [2d ed], and cases cited in n 373).
In sum, a party is entitled in an administrative proceeding to be advised of the identity of the witnesses appearing against him (Greene v McElroy, 360 US 474, 496-497 [1959]; *927 Goldberg v Kelly, 397 US 254 [1970]) unless some overriding interest of public policy articulated in the record reasonably indicates otherwise, that was not done. The denial of petitioner’s applications for disclosure of the identity of the complainant was therefore arbitrary and capricious and deprived him of a fair hearing.
Accordingly, the petition to vacate the determination of the respondent after hearing is granted; the penalties imposed therein are hereby vacated with direction to remit same to petitioner. A hearing de nova is directed, if respondent be so advised, with instructions to disclose to petitioner the name and address of the complainant at least 20 days in advance of such hearing.